UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LINDA GUILLOT                                  CIVIL ACTION

VERSUS                                         No.: 17-7666

AVONDALE INDUSTRIES INC.,
ET AL.                                         SECTION: "J"(3)

**ORDER AND REASONS**

Before the Court is a *Motion to Remand* **(Rec. Doc. 5)** filed by Linda Guillot ("Plaintiff") and an opposition thereto (Rec. Doc. 10) filed by Avondale Industries, Inc. ("Avondale"). Plaintiff and Avondale have also filed a reply (Rec. Doc. 22) and sur-reply (Rec. Doc. 25), respectively. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

**FACTS AND PROCEDURAL BACKGROUND**

This litigation derives from personal injuries allegedly sustained as a result of exposure to asbestos. Plaintiff alleges that she contracted mesothelioma as a result of being exposed to asbestos fibers on the work clothes of her husband and father who were both employed at Avondale. The parties agree that Plaintiff's secondhand exposure to asbestos was likely generated by asbestos-containing materials installed aboard vessels being built by Avondale for the federal government.

Plaintiff filed the instant suit against Avondale in state court seeking damages for Avondale's alleged failure to warn of the hazards of asbestos and failure to implement proper safety procedures for the handling of asbestos. Avondale removed the action to this Court, asserting federal jurisdiction under 28 U.S.C. § 1442, the federal officer removal statute. Avondale contends that the Court has federal officer jurisdiction over the dispute because its use and installation of asbestos-containing materials in the construction of federal vessels was required by the contractual provisions and design specifications mandated by the federal government.

Plaintiff contends that remand is appropriate because Avondale has not carried its burden of establishing the elements of federal officer jurisdiction—specifically, that a casual nexus exists between Plaintiff's claims and Avondale's acts under the color of federal office. Simply put, Plaintiff argues that her claims for failure to warn and failure to safeguard have nothing to do with Avondale's compliance with federal requirements because asbestos-related safety measures at Avondale were never under federal direction and control. Thus, Plaintiff argues that Avondale cannot make a showing of a casual nexus between a federal officer's direct and detailed control over Avondale's safety activities and Avondale's ability to comply with its obligation to warn and/or safeguard under state law.

In contrast, Avondale argues that the federal government's mandate that it use asbestos-containing material is sufficient to establish the casual nexus prong of the federal officer removal statue as amended. In particular, Avondale asserts that Plaintiff relies on a casual nexus standard that was rendered obsolete when Congress amended the federal officer removal statute in 2011. Avondale argues that under the amendment, the removing party need only show that there is some connection or association between the plaintiff's claims and the defendant's conduct under color of federal office.[1] Thus, Avondale maintains that its removal of this suit is proper because Plaintiff's negligence claims "relate to" the federal government's mandate that Avondale use asbestos-containing products in its ships.

Plaintiff's motion is now before the Court on the briefs and without oral argument.

**DISCUSSION**

"[F]ederal officer removal under 28 U.S.C. § 1442 is unlike other removal doctrines: it is not narrow or limited." *State v. Kleinert*, 855 F.3d 305, 311 (5th Cir. 2017). Although the principle of limited federal court jurisdiction ordinarily compels

---

[1] Prior to the amendment, § 1442 allowed the removal of a state suit against a person acting under a federal officer when the suit was for "for any act under color of such office." Act of June 25, 1948, ch. 646, 62 Stat. 938 (codified at 28 U.S.C. § 1442); *see Zeringue,* 846 F.3d at 793. Congress altered the language of § 1442 in 2011 to allow the removal of a state suit "for *or relating to* any act under color of such office."  28 U.S.C. § 1442(a)(1).

3

federal courts to resolve any doubt about removal in favor of remand, courts should analyze removal under § 1442(a)(1) "without a thumb on the remand side of the scale." *See Savoie v. Huntington Ingalls, Inc.*, 817 F. 3d 457, 462 (5th Cir. 2016) (citations omitted). Nevertheless, it remains "the defendant's burden to establish the existence of federal jurisdiction over the controversy." *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998).

Section 1442 permits, in pertinent part, "any person acting under [an officer] of the United States or of any agency thereof" to remove a state suit to federal court if any of the plaintiff's claims are "for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). To qualify for removal under § 1442(a)(1), a defendant must show: (1) that it is a person within the meaning of the statute, (2) that the defendant acted pursuant to a federal officer's directions, (3) that it has a colorable federal defense to the plaintiff's claims, and (4) that a causal connection exists between the defendant's actions under color of federal office and the plaintiff's claims. *Bartel v. Alcoa Steamship Co.*, 805 F.3d 169, 172 (5th Cir. 2015) (citation omitted).

Even where the defendant can show that it acted pursuant to a federal officer's directions, removal will not be proper unless she can also establish the requisite casual connection between the defendant's actions under color of federal office and the

4

plaintiff's claims. *See id.* (citation omitted); *see also Zeringue v. Crane Co.*, 846 F.3d 785, 794 (5th Cir. 2017) (noting that the casual nexus requirement functions to ensure a legitimate federal interest in a matter by limiting the universe of potentially removable claims to those where the specific acts or omissions upon which the plaintiff's claims are based were themselves performed under federal direction). In other words, the defendant must show that the federal government was directing the defendant's conduct and that the federally-directed conduct caused the plaintiff's injuries. *See Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 462 (5th Cir. 2016) (citing *Bartel*, 508 F.3d at 172-74). Although Avondale argues that the 2011 amendment altered the casual nexus requirement, the Court finds that Avondale's position is incorrect because it stands in direct conflict with binding precedent.

In *Bartel v. Alcoa Steamship Co.*, the plaintiffs, merchant mariners, filed suit against companies that operated ships owned by the United States Navy. 805 F.3d at 171. The vessels contained asbestos, and the merchant mariners alleged that the operators were negligent for failing to warn them of the asbestos. *Id.* The Fifth Circuit held that federal officer removal was improper because there was no casual nexus between the plaintiff's negligence claim and the defendants' acts under color of federal office. *Id.* at 174. Specifically, the court found that there was

5

no evidence to suggest that the government issued any "orders relating to safety procedures," and thus, no casual nexus existed because the defendants were "free to adopt the safety measures the plaintiffs now allege would have prevented their injuries." *Id.*

The Fifth Circuit recently reached the same conclusion in *Legendre v. Huntington Ingalls Inc.*, 885 F.3d 398 (5th Cir. 2018). The plaintiffs in *Legendre* filed suit against Avondale after their sister died from mesothelioma, allegedly caused by her exposure to asbestos fibers contained on her relatives' clothes when they returned home each day from work at Avondale. *Id.* at 399. The plaintiffs sued Avondale for failure to warn and failure to implement proper safety procedures for handling asbestos in state court, and Avondale removed citing federal officer jurisdiction. *Id.* The district court remanded, finding casual nexus lacking under *Bartel* because Avondale failed to provide any evidence that the government had any control over Avondale's safety protocols. *Id.* at 402. Avondale argued on appeal that *Bartel* was inapposite because it applied pre-2011 precedent and thereby failed to give effect to Congress's new language. *Id.* In affirming the district court's remand order, the panel concluded that it was in fact bound by *Bartel* because the case was decided after the amendment and quoted the statute's new "relating to" language. *Id.* Accordingly, the *Legendre* panel expressly recognized that *Bartel* remains good law even under the 2011 amendment.

Here, like the defendants in *Bartel* and *Legendre*, Avondale has not adduced any evidence that the federal government controlled its ability to adopt safety measures or enact appropriate safeguards for the handling of asbestos-containing materials. Rather, Plaintiff's uncontroverted evidence clearly establishes that the federal government had no control whatsoever regarding Avondale's ability to comply with its obligation to warn or safeguard under state law. For example, Peter Teritto, a former Avondale Safety Director, testified that federal officers did not control the safety department at Avondale and did not prevent Avondale from meeting its state law obligation to warn. Similarly, Felix Albert, a federal ship inspector for the United States Navy at Avondale, testified in his affidavit that the "government inspectors neither monitored nor enforced safety regulations" and that "on the job safety during the construction of vessels of the United States government was the responsibility of Avondale Shipyards' safety department." This is also echoed by Avondale's own Superintendent of Outfitting, Eddie Blanchard, who affirmed that no federal officer directed or controlled Avondale's safety department.

In sum, there is simply nothing in the record indicating that Avondale was prevented from adopting the safety measures that Plaintiff claims would have prevented her from contracting mesothelioma. At best, Avondale demonstrates that the federal

7

government required Avondale to use asbestos when building ships. However, the government's responsibility for the existence of asbestos is insufficiently related to Plaintiff's claims so as to justify federal officer removal. *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 463-65 (5th Cir. 2016) (concluding that no casual nexus existed regarding the plaintiff's failure to warn and failure to safeguard claims because the shipyard failed to demonstrate that its contracts with the government prevented it from taking any of the protective measures identified by the plaintiffs). Therefore, the Court finds that removal pursuant to 28 U.S.C. §1442(a)(1) was improper, as Avondale has not shown that the necessary casual nexus exists between the federal government's requirement that Avondale use asbestos and Avondale's allegedly lax safety protocols.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 5)** is **GRANTED.** The above-captioned matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana this 9th day of April, 2018.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE